IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:13-cv-1427-T-27MAP

DUANE T. BURNS,

    Plaintiff,

v.

WINNEBAGO INDUSTRIES, INC.,
FREIGHTLINER CUSTOM CHASSIS
CORP.,

    Defendants.

_____/

### WINNEBAGO'S MOTION FOR INVOLUNTARY DISMISSAL *WITH PREJUDICE* OF PLAINTIFF'S COMPLAINT, AND COMBINED MEMORANDUM OF LAW IN SUPPORT

Defendant, Winnebago Industries, Inc. (hereafter "Winnebago"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 8, 9, 10 and 12(b)(6), hereby moves this Court for entry of an order dismissing, *with prejudice*, Counts I and II of Plaintiff's Complaint [Doc. 1], and states the following in support:

### PROCEDURAL POSTURE

This is Plaintiff's <u>second</u> civil lawsuit filed against Winnebago, concerning a 2007 Vectra recreational vehicle ("subject RV") he co-purchased back on May 21, 2007.  Albeit long and unsuccessful, Plaintiff's litigation saga against this Defendant is pertinent here.

**"Burns 1"--- His First Lawsuit Against Winnebago On The Subject 2007 RV**

Plaintiff's first civil lawsuit filed against Winnebago (hereafter referred to as "<u>Burns 1</u>") was styled *Duane T. Burns and Kevin L. Henault v. Winnebago Industries, Inc., Case Number 8:11-cv-*

Case 8:13-cv-01427-S_B-MAP   Document 6   Filed 06/25/13   Page 2 of 20 PageID 27

*00354-SCB-TBM*. Together with Mr. Henault, Plaintiff co-purchased the subject RV from RV World of Nokomis, Inc., an independent RV dealership in Sarasota. *See Complaint from* <u>Burns 1</u>, *attached hereto as Exhibit "A," and the operative Purchase Contract attached hereto as Exhibit "B."*[1]

To provide a finite period of repair coverage for any *Winnebago* defects which arose and were reported within the first twelve (12) months/15,000 miles of Plaintiffs' ownership, the subject RV came with Winnebago's written Limited Warranty, the operative instrument creating the relationship between Winnebago and Plaintiff, and any duties *Winnebago* might possess vis-a-vis Plaintiff. Notably, Winnebago's Limited Warranty excludes coverage for the (Freightliner) chassis and related components  <u>See,</u> *Winnebago Limited Warranty attached hereto as Exhibit "C."*[2]

In <u>Burns 1</u>, Plaintiffs sued Winnebago for breach of its written Limited Warranty, seeking damages pertaining to the quality and condition of the subject RV. The Honorable Susan C. Bucklew fully adjudicated <u>Burns 1</u> on its merits, which culminated in her 01/20/12 Order Granting Winnebago's Motion for Summary Final Judgment [<u>Burns 1</u>, Doc. 66], and a Final Judgment in favor of Winnebago.  <u>See,</u> Case No.: 8:11-cv-00354-SCB-TBM [<u>Burns 1</u>, Docs. 66 and 68].

---

[1] A court may take *judicial notice* of public documents, including orders and documents filed in other judicial proceedings, without converting the motion to dismiss to a motion for summary judgment, because such documents are capable of ready and accurate determination. <u>See, e.g.,</u> <u>Moore v. Potter</u>, 2006 WL 2092277, *5 (M.D. Fla. July 26, 2006); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1278 (11th Cir. 1999).

[2] A court, without converting a motion to dismiss into a motion for summary judgment, may consider extraneous material a defendant appends to its motion to dismiss.  <u>Correa v. BAC Home Loans Servicing LP</u>, 2012 WL 1176701, *3 (M.D. Fla. April 9, 2012). This is permitted if the attached documents are *(1) central to plaintiff's claims and (2) undisputed.*. <u>See</u> Id.  Having unsuccessfully sued in <u>Burns 1</u> on Winnebago's Limited Warranty, Plaintiff cannot now genuinely deny its centrality or authenticity. <u>Burns v. Winnebago Industries, Inc.</u>, 2012 WL 4839271 (11th Cir. 2013).

Thereafter, Judge Bucklew entered an Order granting Winnebago's attorneys fees and costs [Burns 1, Doc. 75], and a Judgment For Winnebago's Attorneys' Fees And Costs [Burns 1, Doc. 76].

Plaintiffs in Burns 1 then appealed to the Eleventh Circuit Court of Appeals, which issued a written opinion affirming the district court's summary judgment in favor of Winnebago. See, Burns & Henault v. Winnebago Industries, Inc., 2012 WL 4839271 (11th Cir. Fla. 2012). The Eleventh Circuit awarded Winnebago its *appellate* attorneys fees and costs, pursuant to which this District Court ultimately entered an Amended Judgment For Attorneys' Fees And Costs against Plaintiffs[3] in the amount of $124,459.29 in fees plus $429.06 in costs. To date, Winnebago remains a creditor of Plaintiffs, whom have not satisfied that Amended Judgment.[4]

**"Burns 2"—His Second Lawsuit Against Winnebago On Subject 2007 RV**

On May 31, 2013, *six (6) years after purchasing the subject RV*, *five (5) years plus one day beyond the expiration of his Winnebago Limited Warranty on the subject RV, and nearly a year after the Eleventh Circuit affirmed the dismissal of his previous warranty claims,* Plaintiff filed this second lawsuit, again seeking economic damages relating to the condition and quality of the subject RV.

---

[3] The 3/13/13 Amended Judgment exists, jointly and severally, against both Plaintiffs from Burns 1, Duane Burns and Kevin Henault. See, Burns 1, Doc. 105.

[4] Omitting any reference as to its timeliness, or whether Winnebago as opposed to some other entity would properly be subject of a "separate case," Footnote 2 from Burns & Henault v. Winnebago Industries, Inc., 2012 WL 4839271 (11th Cir. 2012) implies, albeit in dicta, such possibility. For this reason, on this bare record within the four corners of the Burns 2 Complaint, Winnebago is not formally advancing the doctrines of "res judicata" or "collateral estoppel," although as to *Defendant Winnebago,* it maintains such affirmative defenses would ultimately be viable as to *Defendant Winnebago*, particularly with the benefit of a fully developed record, i.e. via summary judgment.

Here, Plaintiff alleges that Winnebago (as the final stage manufacturer) and Freightliner (as the manufacturer of the subject RV's chassis), failed to prevent corrosion[5] on the subject RV's chassis, and failed to disclose that the Freightliner chassis was purportedly "prone to corrosion." See Plaintiff's Complaint [Doc.1]. Once again, Plaintiff purports to be dissatisfied with the quality and/or characteristics of the subject RV upon which Winnebago provided a Limited Warranty.

In this suit however, Plaintiff recasts his claims in "tort": (1) Negligent Misrepresentation/Fraudulent Concealment (Count I); and Fraudulent Misrepresentation (Count II). Plaintiff alleges no "personal injuries" or damage to "other property." See Complaint [Doc. 1].

## SUMMARY OF ARGUMENT

1. Counts I and II are "tort" claims, seeking economic loss damages relating to the quality/characteristics of the subject RV, albeit with no alleged personal injury or damage to other property. Consequently, and as a matter of Florida law, Counts I and II are squarely barred by Florida's recently-clarified "product liability economic loss rule." In the products liability context of the instant case, no "tort" claim can arise from the alleged "breach" of a duty existing solely by virtue of Winnebago's written Limited Warranty.

2. Counts I and II of Plaintiff's Complaint fail as a matter of law because they are premised upon, inextricably interwoven with, and inseparable from the terms and conditions of the Winnebago Limited Warranty, an operative contractual instrument governing Plaintiff's rights as to the Winnebago portion of the subject RV. Plaintiff cannot merely recast warranty contentions as

---

[5] During the pendency of that prior lawsuit, in May 2011, Plaintiff belatedly attempted to amend the complaint to add the "corrosion" claims, which this Court denied and the Eleventh Circuit affirmed due to Plaintiffs' lack of diligence and undue delay. See, Burns v. Winnebago Industries, Inc., 2012 WL 4839271 (11th Cir. 2013).

"fraud," solely to avoid the contractual terms of Winnebago's Limited Warranty. Moreover, any alleged "reliance," an essential element of Plaintiff's tort claims, was unreasonable and unjustifiable, in light of the express terms of the Winnebago Limited Warranty.

3. Even if Counts I and II were not barred by Florida's Economic Loss Rule, they are both legally deficient because both fail to meet the heightened pleading standard/particularity requirements of Fed. R. Civ. P. 9(b). Moreover, Counts I and II of this Complaint incorporate allegations against two separate and distinct manufacturer Defendants into each Count, which impermissibly fail to meet the requirements of Fed. R. Civ. P. 8, 10(b), and 12(b)(6).

4. Finally, beyond the aforementioned deficiencies, the instant Complaint is legally incognizable because it fails to name the co-purchaser and indispensable party, Kevin Henault, as a party Plaintiff. See Fed. R. Civ. P. 19. As was established in Burns 1, Mr. Henault has an interest in this action and its outcome and the failure to join him results in this Court being unable to accord complete relief. See Fed. R. Civ. P. 19(a)(1)(A). Moreover, such failure would leave Winnebago subject to a substantial risk of further lawsuits and otherwise inconsistent obligations. See Fed. R. Civ. P. 19(a)(1)(B).

Consequently, as a matter of Florida law, Counts I and II of Plaintiff's Complaint fail to state any claim upon which relief can be granted against Defendant Winnebago and should thus be involuntarily dismissed, *with prejudice*.

## MEMORANDUM OF LAW

### I.  Legal Standard For Motion to Dismiss

Under Fed. R. Civ. P. 8, a plaintiff must allege "plausible grounds to infer" that its claim rises "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). In

other words, a plaintiff's pleading obligation requires more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 554-556.

> **"...the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."**

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasis added).

Federal courts in Florida have consistently held that a plaintiff may not merely "label" claims. Pearlman v. Alexis, 2009 WL 3161830, *2 (S.D. Fla. September 25, 2009); See also, Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Conclusory allegations, unwarranted factual deductions, or "legal conclusions masquerading as facts" will not prevent dismissal. Davila v. Delta Airlines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

The court can consider documents incorporated into a complaint by reference, and "when a plaintiff refers to documents in the complaint and those documents are central to plaintiff's claim, the court may consider the documents as part of the pleadings for purposes of Rule 12(b)(6) dismissal." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). A court, without converting a motion to dismiss into a motion for summary judgment, may consider extraneous material a defendant appends to its motion to dismiss. Correa v. BAC Home Loans Servicing LP, 2012 WL 1176701, *3 (M.D. Fla. April 9, 2012). This is permitted if the attached document is *(1) central to plaintiff's claims and (2) undisputed..* Id.

A court's duty to accept facts in the complaint as true, "does not require us [the court] to ignore specific factual details in the pleadings in favor of general or conclusory allegations." Griffin

Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-1206 (11th Cir. 2007).

> "... Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."

Id. If documents appended to the pleadings or incorporated therein by reference reveal "facts which foreclose recovery as a matter of law, dismissal is appropriate." Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974).[6]  A court may also take *judicial notice* of public documents, including orders and documents filed in other judicial proceedings, without converting the motion to dismiss to one for summary judgment. Moore v. Potter, 2006 WL 2092277, *5 (M.D. Fla. July 26, 2006); See also, Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

A complaint must allege material elements of each claim pled. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).  A court need not strain to find inferences favorable to a plaintiff which are not apparent on the face of the complaint. Coates v. Illinois State Board of Education, 559 F.2d 445, 447 (7th Cir. 1977); See also, Miller v. Showcase Homes, Inc., 1999 WL 199605 (N.D. Ill. 1999).  Conclusory allegations and unwarranted deductions of facts, or legal conclusions masquerading as facts, will not prevent dismissal. Oxford Asset Management Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A district court cannot simply assume that a plaintiff can prove facts that have not been alleged or that defendants have violated laws in ways that have not been alleged.  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) (*footnote omitted*).

The heightened federal pleading standards demand more than "an unadorned, the defendant unlawfully harmed me, accusation." Ashcroft, 556 U.S. at 678-679. Fed. R. Civ. P. 8 and its

---

[6] Fifth Circuit cases decided prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

pleading requirement "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. Where a complaint is replete with vague and conclusory allegations, the court must ensure that the issues are adequately narrowed and defined in the early stages of litigation. Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 164-165 (11th Cir. 1997).

The Federal Rules of Civil Procedure authorize and where applicable encourage the dismissal of complaints, *with prejudice*, on dispositive issues of law, regardless of the facts that are alleged. Jacobs v. Osmose, Inc., 2002 WL 34241682, *2 (S.D. Fla. January 3, 2002); See also, Marshall Co. Bd. of Educ. v. Marshall Co. Gas District, 992 F.2d 1171, 1174 (11th Cir. 1992).

## II. Plaintiff's "Tort" Claims Against Winnebago (Counts I and II) Are Barred by Florida's Product Liability Economic Loss Rule

As Florida's Supreme Court recently affirmed in Tiara Condominium Association, Inc., v. Marsh & Mclennan Companies, Inc., 110 So.3d 399, 402-406 (Fla. 2013), a product manufacturer or distributor has no duty beyond that arising from its contractual [or warranty] obligations to prevent a product from damaging itself. Consequently, Florida's Economic Loss Rule ("ELR") operates to bar tort claims seeking purely economic losses in cases involving a defendant which is a manufacturer or a distributor of a product. Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987). In short, Florida's ELR prohibits recovery for economic loss when the claim is one of damage to the product itself, without personal injury or damage to other property.[7] Jacobs v. Osmose, Inc., 2002 WL 34241682, *2 (S.D. Fla. 2002). Here, Plaintiff's claims against

---

[7] Plaintiff's Complaint [Doc. 1] lacks any factual allegations of personal injury or damage to other property. Regardless the "other property" exception is limited to "property unrelated and unconnected to the product sold," Tyco Safety Products Canada, Ltd. v. Abracon Corp., 2008 WL 4752738, *4 (S.D. Fla. Oct. 28, 2008), and therefore has no application in this case, which alleges corrosion to the chassis of the subject RV.

8

Winnebago fall squarely into the product liability economic loss rule, as Plaintiff asserts "tort" claims against Winnebago, one of the alleged manufacturers, for economic losses to the subject RV itself. <u>See</u> *Plaintiff's Complaint [Doc. 1]*.[8]

In both Counts I and II of the Complaint, Plaintiff alleges Winnebago "failed to take appropriate actions to prevent corrosion" in the subject RV's chassis and misrepresented/concealed the quality and condition of the subject RV, specifically that its chassis was "prone to corrosion." <u>See</u> *Plaintiff's Complaint [Doc. 1, Paragraphs 8b, 15, and 23]*.[9] While a tort claim for fraudulent or negligent misrepresentation *can be* an exception to the economic loss rule, such alleged conduct or omission must be truly separate from and not intertwined with obligations created by an underlying, operative warranty/contract. Said another way, the economic loss rule bars a tort action "where a defendant has not committed a breach of duty apart from a breach of contract." <u>Id</u>. at 537. Florida courts are in agreement that negligence/failure to warn generally does not allege conduct that is independent of the contract breach. <u>Kaloe Shipping Co., Ltd. v. Goltens Service Co., Inc.</u>, 2011 WL 677372 at *8 (S.D. Fla. 2011); <u>See also</u>, <u>Tiara Condominium Association, Inc.</u>, 110 So.3d 399 at 402-406 (recognizing that a product manufacturer or distributor has no duty beyond that arising from its contractual [or warranty] obligations to prevent a product from damaging itself).

The pertinent inquiry here is not the particular label assigned by Plaintiff's counsel to Counts

---

[8] Throughout Plaintiff's Complaint, Winnebago is referred to as the "Manufacturer" of the subject RV and Defendant Freightliner as the "Chassis Manufacturer." <u>See</u> *Plaintiff's Complaint [Doc.1]*.

[9] Plaintiff fails to allege *when* Winnebago allegedly obtained the alleged "chassis prone to corrosion" information or *when* Winnebago should have disclosed same.

9

I and II.[10]  See Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So. 2d 74, 77 (Fla. 3d DCA 1997) ("where the only alleged misrepresentation concerns the heart of the parties' agreement, simply applying the label 'fraudulent inducement' to a cause of action will not suffice to subvert the sound policy rationales underlying the economic loss doctrine"); Puff 'N Stuff of Winter Park v. Bell, 683 So. 2d 1176, 1179-80 (Fla. 5th DCA 1996)(Harris, J., concurring).  Rather, what determines the applicability of the economic loss rule is the interplay of the relationship of the parties, the conduct complained of, and the damages caused by the allegedly tortious conduct.

Plaintiff here alleges Winnebago to be the manufacturer of the subject RV, whose alleged conduct pertains solely to the quality and condition of the subject RV.[11]  Plaintiff seeks damages that clearly fit into the classic definition of "economic losses," which have been defined to include "damages for inadequate value, costs of repair and replacement of a defect product, or consequent loss of profits – without any claim for personal injury or damage to other property." Casa Clara Condominium Ass'n., Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244, 1246 (Fla. 1993). In other words, as defined by Florida's state and federal courts, economic losses are "disappointed economic expectations," which are protected by contract/warranty law, not the law of torts.

Simply put, Plaintiff's claims against Winnebago seek damages that clearly fall into the definition of economic losses, which cannot be recovered in "tort" as a matter of law under Florida's products liability economic loss rule.  Consequently, Plaintiff's claims against Winnebago must be dismissed, with prejudice.

---

[10] Plaintiff's counsel here in Burns 2 is the same attorney who filed Burns 1 and represented Plaintiffs Burns and Henault through the ensuing final summary judgment and their unsuccessful appeal.

[11] Throughout Burns 1, Plaintiff Duane Burns alleged himself to be a warrantee, and Winnebago, a warrantor.

### III. Counts I and II Of Plaintiff's Complaint Fail To State Causes of Action Against Winnebago

Under Florida law, the tort of fraudulent misrepresentation is narrowly cognizable only when the following elements are pled and ultimately proven:

> "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."

Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002); See also, Centrifugal Air Pumps Australia v. TCS Obsolete, LLC, 2011 WL 202193 (M.D. Fla. 2011) (discussing the elements of fraudulent misrepresentation and granting defendant's motion to dismiss, with prejudice, finding plaintiff had improperly recast breach of contract claims as fraudulent misrepresentation).

Similarly, in order to state a claim for negligent misrepresentation, a plaintiff must allege:

> "(1)There is a misrepresentation of material fact; (2) the party making the misrepresentation either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity or should have known the misrepresentation was false; (3) the representation was made with the intent to induce another to act on the misrepresentation; and (4) the plaintiff suffered a resulting injury while acting in justifiable reliance upon the misrepresentation."

Florida Women's Medical Clinic, Inc. v. Sultan, 656 So.2d 931, 932-933 (Fla. 4th DCA 1995).[12]

---

[12] Under Florida law, an alleged knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose. TransPetrol, LTD. v. Radulovic, 764 So.2d 878 (Fla. 4th DCA 2000). Absent such a duty, no claim for fraudulent concealment exists. Winnebago had no duty to disclose the propensities of a "chassis" that Winnebago neither manufactured nor warranted.

    A.    **Plaintiff's Claims Are Abrogated By The Clear Terms Of Winnebago's Limited Warranty, The Operative Instrument Between Itself And Plaintiff**

The Winnebago Limited Warranty clearly indicates that the <u>only</u> representations or warranties made or authorized by Winnebago are contained in that document:

### ONLY WARRANTY

**This Limited Warranty is the only warranty made or authorized by Winnebago. Winnebago makes no other promises, representations, or warranties concerning the vehicle or other matters set forth herein**. Winnebago does not authorize any person to create for it any other obligations or liability in connection with this vehicle.

### DEALER'S REPRESENTATIONS EXCLUDED

Winnebago shall not be bound by any undertaking, representation, or warranty made by any dealer selling its product to any purchaser of its products."

<u>See</u> Exhibit "C" (emphasis supplied). Moreover, the Winnebago Limited Warranty on the subject RV <u>explicitly excludes</u> the Freightliner chassis that Plaintiff baldly concludes was "prone to corrosion."

### "ITEMS NOT SUBJECT TO WARRANTY COVERAGE

**Chassis, drivetrain and related components\***
**....**
**....**

\*These items are covered under the manufacturer's individual warranty.**"**

<u>See</u> Exhibit "C" (emphasis supplied).

When the duty allegedly breached is derived from the contractual relationship, it cannot form the basis for a separate and distinct "tort." <u>See, e.g.,</u> <u>Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.</u>, 208 F.Supp.2d 1310, 1315 (S.D. Fla. 2002); <u>Rose v. ADT Sec. Services, Inc.</u>, 989

So.2d 1244 (Fla. 1st DCA 2008); Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999); Tiara Condominium Assoc., Inc. v. Marsh & McLennan Cos., Inc., 110 So.3d 399, 408 (Fla. 2013) (*Pariente, J. concurring)(*"for example, in order to bring a valid tort claim, a party still must demonstrate that all of the required elements for the cause of action are satisfied, including that the tort is independent of any breach of contract."); Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74, 78 (Fla. 3d DCA 1997) ("misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement").

Florida courts have rejected plaintiffs' attempts to artfully plead around contract/warranty disputes by merely labeling claims as "fraud." See e.g., Hotels of Key Largo, Inc. v. RHI Hotels, Inc., at 74, 77; Maxcess, Inc. v. Lucent Technologies, Inc., 2005 WL 6125471, *9 (M.D. Fla. January 5, 2005) (through artful pleading every contract dispute could be improperly framed as a tort claim). This Court has applied this test in similar factual situations when interpreting Florida law. Genron Enterprises v. Metecno Panel Systems, 2006 WL 1000320, *4-6 (M.D. Fla. April 17, 2006)(dismissing plaintiff's claims for intentional and negligent misrepresentation because the alleged misrepresentations related directly to and were interwoven with the defendant's performance obligations); See also, American Color Graphics, Inc. v. Brooks Pharmacy, Inc., 2006 WL 539543, *3 (M.D. Fla. March 6, 2006)(finding plaintiff's claims not independent from the defendants obligations under the operative contract).

The case of HTC Leleu Family Trust v. Piper Aircraft, Inc., 2012 WL 4982633 (S.D. Fla. Oct. 17, 2012), is particularly instructive. In that case, the plaintiff purchased an aircraft manufactured by Piper through an independent dealer. Id., at *1-2. The plaintiff actually met with

13

representatives of Piper prior to the aircraft's purchase, who allegedly misrepresented the quality and condition of the aircraft. Id., at *1-2. After plaintiff's purchase, defects were discovered which prevented the aircraft from being flown at all. Id., at *1-2. Those defects were later attributed to a manufacturing error. Id. The plaintiff brought claims against the defendant manufacturer for fraud in the inducement, fraudulent concealment, negligent misrepresentation, breach of contract, and breach of warranty. Id., at *1-2. The district court dismissed, with prejudice, plaintiff's claims for fraud in the inducement, fraudulent concealment, and negligent misrepresentation, holding that such claims were "interwoven" and "not independent" of the manufacturer defendant's warranty/contract obligations. Id., at *3-5. The substantively identical situation exists here and the same result should follow.

In sum, because Plaintiff's fraud and negligent misrepresentation claims against Winnebago are simply re-cast breach of warranty claims, interwoven with and indistinct from Winnebago's performance obligations under its Limited Warranty, Counts I and II of the Complaint fail as a matter of law. "To hold otherwise is to invite contracting parties to make agreements... and then avoid them by simply taking the stand and swearing that they relied upon some other statement." Tevini v. Roscioloi Yacht Sales, Inc., 597 So.2d 913, 914 (Fla. 4th DCA 1992).

### B.   Plaintiff's Claims Fail As He Cannot Allege Reasonable or Justifiable Reliance

As a matter of law, any reliance on an alleged misrepresentation is unreasonable and not justified, if a later agreement contradicts the alleged misrepresentation. Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999). As the Winnebago Limited Warranty makes clear, the only representations or omissions upon which Plaintiff could have reasonably or justifiably relied were those contained in that warranty and no others, including those alleged in the Plaintiff's

14

Complaint.[13]

Reasonable and justifiable reliance is an essential element of Plaintiff's claims. <u>Garcia v. Santa Maria Resort, Inc.</u>, 528 F.Supp.2d 1283, 1295-1296 (S.D. Fla. 2007). Reliance on alleged misrepresentations is <u>*unreasonabl*</u>e as a matter of law where the alleged misrepresentations contradict the express terms of the operative written agreement between the parties. <u>Id.</u> at 1295; <u>See also</u>, <u>Eclipse Med. Inc. v. Am. Hydro-Surgical Instruments, Inc.</u>, 262 F.Supp.2d 1334, 1342 (S.D. Fla. 1999).

Here, the Winnebago Limited Warranty clearly and explicitly states that the <u>only</u> representations made are those contained in the warranty document. Winnebago made no representations about the quality or condition of the chassis, as the chassis was not manufactured by Winnebago and is explicitly excluded from *Winnebago's* warranty coverage. <u>See</u> Exhibit "C." In fact, Plaintiff's Complaint fails to allege that Winnebago made *any representations at any time*, merely that it did not advise Plaintiff of the Freightliner chassis' purported "propensity" for corrosion. Consequently, Plaintiff's contention that Winnebago failed to mention that the chassis was allegedly "prone to corrosion" was not reasonable or justifiable.[14] <u>See, e.g.</u>, <u>B&E Gibson Enterprises, Inc. v. Darngavil Enterprises LLC</u>, 2013 WL 1969288 (M.D. Fla. May 13,

---

[13]Winnebago's Limited Warranty clearly indicates the only promises, representations, or warranties concerning the subject RV are set forth within that document. *<u>See</u> copy of the Winnebago Limited Warranty attached hereto as Exhibit "C."*

[14] The alleged Winnebago misrepresentations/omissions are additionally inactionable because they pertain to statements of opinion and not fact, as they are qualitative descriptions (i.e., "prone to" and "propensity"). <u>See e.g.</u>, <u>Florida Women's Medical Clinic v. Sultan</u>, 656 So.2d 931, 933 (Fla. 4th DCA 1995) (requiring a misrepresentation of material *<u>fact</u>* to state a claim for negligent misrepresentation); <u>Jallali v. Nova Southeastern University, Inc.</u>, 55 So.3d 665, 665 (Fla. 4th DCA 2011) (requiring a misrepresentation of material *<u>fact</u>* to state a claim for fraudulent misrepresentation).

2013)(dismissing fraud and civil conspiracy claims because the express terms of the operative contract rendered plaintiff's alleged reliance unjustifiable as a matter of law). Plaintiff's claims against Winnebago should therefore be dismissed with prejudice.

### IV. Even If They Were Legally Cognizable, Plaintiff's "Tort" Claims (Counts I and II) Are Procedurally Deficient Under Fed. R. Civ. P. 9(b)

Fed R. Civ. P. 9(b)'s heightened pleading requirements (i.e. the "who," "what," "when," "where" and "how") apply to Plaintiffs' proposed Counts I and II, to the extent they are premised upon alleged "fraudulent" conduct or "negligent" misrepresentation. D.H.G. Properties, LLC v. Ginn Companies, LLC, 2010 WL 5584464 at *5-6 (M.D. Fla. 2010)[15]. Counts I and II of Plaintiff's Complaint wholly fail to satisfy Rule 9(b), as both are devoid of the "who," "what," "where," "how" *and especially* "when" of any such conduct by any Winnebago employee and are thus subject to dismissal on this basis alone.

Rule 9(b) specifies in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity and specificity. Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 982 F.Supp. 862 (M.D. Fla. 1997). In order to satisfy the particularity requirements of Rule 9(b), a plaintiff must allege: (1) the precise misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statements mislead plaintiff; and (4) what the defendants gained from the alleged fraud. Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006).

---

[15] Federal courts hold the heightened pleading standard under Fed. R. Civ. P. 9(b) applies to both negligent and fraudulent misrepresentation claims. See e.g., Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Assoc., Inc., 2011 WL 5117163, *6 (S.D. Fla. 2007) (negligent misrepresentation); Bonita Villas Condominium Ass'n, Inc. v. Empire Indem. Ins. Co., 2010 WL 2541763, *4 (S.D. Fla. 2010) (fraudulent misrepresentation).

Vague fraud/misrepresentation claims raise serious concerns because due process requires the defendant to know what it is being accused of. As such, a plaintiff cannot survive a motion to dismiss by "simply pleading 'I was defrauded' and then 'flushing out' the claim at trial by proof as to precisely what the fraud was." Schopler v. Smilovits, 689 So.2d 1189, 1190 (Fla. 4th DCA 1997).

Here, Plaintiff baldy concludes that Winnebago, a remote corporate entity, somehow misrepresented the quality and condition of the subject RV by not informing him that the Freightliner chassis was "prone to corrosion."[16] Notably, Plaintiff does not and cannot allege he spoke with *anyone* at Winnebago *at any time either before or after his 05/31/07 purchase*,[17] much less the specific Winnebago personnel who *should have* advised him of any corrosion "propensity," and/or *when* that disclosure should have occurred.[18]

## V. Plaintiff's Complaint Should Be Dismissed For Failure to Join Co-Purchaser Kevin Henault, An Indispensable Party

Plaintiff Burns (and non-party Kevin Henault) purchased the subject RV on or around May 31, 2007. *See copy of operative Buyer's Order attached as Exhibit "B."* Plaintiff's claims arise

---

[16] Whether anything could be "prone to corrosion" is also not actionable because it is subjective and a mere statement of opinion, not fact. See., e.g., Florida Women's Medical Clinic, Inc. v. Sultan, 656 So.2d 931, 933 (Fla. 4th DCA 1995) (requiring a misrepresentation of material **fact** to state claim for negligent misrepresentation) (emphasis supplied). Plaintiff himself asserts that the Freightliner chassis did not exhibit the alleged "corrosion" until three years after its purchase. *See Plaintiff's Complaint (Doc. 1, Paragraph 7].*

[17] As memorialized in Winnebago's Motion for Final Summary Judgment in Burns I, Plaintiff Burns testified under oath that he had **never** spoken with anyone from Winnebago, either before or after the 05/31/07 purchase of the subject RV. See Case No.: 8:11-cv-00354-SCB-TBM (09/16/11 Motion for Final Summary Judgment [Doc. 44], pp. 7-8).

[18] Plaintiff also commingles and fails to adequately differentiate his purported fraud claims between Defendants Winnebago and Freightliner. Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-1317 (11th Cir. 2007) (holding when multiple defendants are accused of misrepresentation, specific allegations are required as to each, so defendants can be advised of the nature of their alleged participation regarding fraud).

from the purchase of the subject RV, which he alleges was, in part, manufactured by Winnebago.[19] Considering Mr. Henault's co-purchaser status, it is logical to infer that he has an ownership interest and obligation relative to the subject RV. Failure to join Mr. Henault here would impair and impede his ability to protect his interests as a co-purchaser of the subject RV. Kevin Henault should therefore be joined as an indispensable party because his presence is feasible and necessary for a complete determination of the cause. See Fed. R. Civ. P. 19(a)(1)(A). Moreover, considering Mr. Henault is a co-owner of the subject RV, the failure to join him in this lawsuit leaves Winnebago subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations, as any judgment entered here would be binding only upon Plaintiff Burns. See Fed. R. Civ. P. 19(a)(1)(B). There is no allegation or reason to believe that the joinder of Mr. Henault is infeasible, and his joinder would not prejudice any party to this action.[20]

Given the foregoing facts and any reasonable inferences, and considering the failure to join Mr. Henault as an indispensable party could subject Winnebago to the inconvenience and expense of defending more lawsuits, and the potential exposure to multiple judgments, Winnebago requests dismissal of Plaintiff's Complaint for failure to state a cause of action. In re Torcise, 116 F.3d 860, 865 (11th Cir. 1997) ("findings of indispensability must be based on stated pragmatic considerations, especially the effect on the parties and on the litigation).[21]

---

[19] Throughout the Complaint, Plaintiff alleges the chassis, allegedly "prone to corrosion," was manufactured by Freightliner. See Plaintiff's Complaint [Doc. 1].

[20] Kevin Henault, the co-Plaintiff in Burns 1, is jointly and severally obligated on the unsatisfied fee and cost Judgment which totals $124,888.35. *See Amended Judgment for Attorneys Fees and Costs(Case No.: 8:11-cv-00354-SCB-TBM;[Doc. 105]).*

[21] Joining co-purchaser Kevin Henault as an indispensable party in this lawsuit will not deprive the Court of jurisdiction.

**VI.     Plaintiff Fails To Comply With The Pleading Requirements Set Forth in Fed.R.Civ. P. 8 and 10**

Beyond the dispositive legal deficiencies and inability to meet the legal standards required to survive a motion to dismiss, Plaintiff's averments fail to comply with Fed. R. Civ. 8 and 10. Plaintiff's Complaint is interspersed with a myriad of conclusory buzz words. Within Counts I and II, Plaintiff refers amorphously to "Defendants" and alleges the duties, actions or inactions of those "Defendants" without any specificity or individuality. For example, Plaintiff avers nebulous and self-serving conclusions, such as:

> **"The Defendants were negligent because they failed to disclose the information which they had a duty to disclose."**

See ¶15 of Plaintiff's Complaint [Doc. 1] (emphasis supplied). Quite literally, Plaintiff's claims against Winnebago are the "unadorned, the defendant unlawfully harmed me accusations" prohibited by the re-articulated Federal pleading standards. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Without more, Winnebago would not be able to frame an appropriate response. Accordingly, Winnebago requests that the Court dismiss Plaintiff's Complaint on these additional grounds which are above and beyond the dispositive grounds analyzed above.

**VII.     Conclusion**

For the reasons detailed above, Defendant Winnebago Industries, Inc. respectfully requests that the Court dismiss Counts I and II of Plaintiff's Complaint against Winnebago, *with prejudice*, and to award such other relief to Winnebago that the Court deems just and appropriate under the circumstances.

Respectfully submitted this 25th day of June, 2013.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 25, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Daniel Guarnieri, Esq.
Adams and Reese LLP
1515 Ringling Boulevard, Suite 700
Sarasota, FL 34236
daniel.guarnieri@arlaw.com

                                          /s/Frederick W. Mohre
                                          FREDERICK W. MOHRE, ESQ.
                                          Florida Bar Number: 676365
                                          W. SCOTT POWELL, ESQ.
                                          Florida Bar Number: 798886
                                          POWELL & MOHRE LLP
                                          399 Carolina Avenue, Suite 100
                                          Winter Park, FL 32789
                                          (407) 647-5551
                                          (407) 647-5553
                                          Attorneys for Defendant Winnebago
                                          Fmohre@powellmohre.com
                                          Spowell@powellmohre.com