IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

DUANE T. BURNS, and
KEVIN L. HENAULT,

    Plaintiffs,

vs.

    CASE NO.: 2010CA 5536 ␣␣

WINNEBAGO INDUSTRIES, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Duane T. Burns and Kevin L. Henault, (the "Buyers") individuals, sue the Defendant, Winnebago Industries, Inc. (the "Manufacturer") and allege:

1. Plaintiffs are residents of Sarasota County, Florida.

2. Defendant, Winnebago Industries, Inc. is a foreign corporation (incorporated in Iowa), and authorized to conduct business in the State of Florida.

3. The Manufacturer was at all material times herein:

    a. Doing business in Sarasota, Sarasota County, Florida; and

    b. A "merchant," within the definition of §672.104(1), Florida Statutes, which was engaged in the business of selling recreational vehicles, and which held itself out as having knowledge or skill peculiar to recreational vehicles.

4. Venue is proper in Sarasota County, Florida pursuant to Florida Statute 47.051.

5. As of May 31, 2007 R.V. World of Nokomis, Inc. (the "Dealer") was an authorized dealer of vehicles sold by the Manufacturer.

6. In addition, the Dealer was authorized to act as the agent of the Manufacturer relative to the sale and repair of the Vehicle.

7. On or about May 31, 2007 Plaintiffs purchased from the Dealer a new 2007 Vectra Recreational Vehicle, with Vehicle Identification No. 4UZACFCYX7CY85473 (the

*Exhibit A*

"Vehicle") for the total purchase price of $246,685.39. A true and correct copy of the Purchase Contract is attached hereto and incorporated herein as Exhibit "A."

8. The Manufacturer issued a limited warranty relative to the Vehicle which promises that the Manufacturer will cover defects in materials or workmanship for a period of time.

9. The Plaintiffs never received a copy of the limited warranty.

10. After taking delivery, Plaintiffs discovered numerous defects in the Vehicle which are covered under the warranty, including, but not limited to, the following:

    a. electric in R.V. not functional;

    b. A/C in R.V. not functional;

    c. keyless entry not functional;

    d. vehicle pulls to right

    e. sewage/feces smell in living compartment, and leakage of sewage into storage areas;

    f. house batteries often die;

    g. satellite inoperative;

    h. propane leak in coach compartment;

    i. windshield wipers stuck;

    j. cameras inoperable;

    k. dash radio inoperable;

    l. ice maker leaking water into coach compartment;

    m. steps not retracting properly;

    n. air leaking under coach;

    o. no hot water to kitchen;

    p. jacks to coach inoperable; and

    q. rooftop spotlight inoperable.

11. The defects identified above existed in the vehicle at the time of sale.

12. Plaintiffs notified the Dealer of the above-referenced defects with the vehicle within a reasonable period of time after the defects were or should have been discovered. Despite repeated attempts to repair the vehicle, the Dealer and the Manufacturer were unable to repair the various defects on the vehicle within a reasonable period of time.

13. The Vehicle was in the possession of the Manufacturer, or its authorized service agent, for approximately 500 days out of the first 1000 days of ownership.

14. Plaintiffs have performed all conditions precedent to the maintenance of this action or all such conditions have occurred.

15. Plaintiffs have retained the law firm of Nelson Hesse, LLP to prosecute this action, and have agreed to pay said attorneys a reasonable fee for their services.

16. Despite repeated attempts to have the same defects cured by the Manufacturer under the limited warranty, the Plaintiffs were not able to have such repairs successfully completed in a timely manner. Accordingly, the limited warranty at issue in this matter has failed of its essential purpose.

## COUNT I – BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT AND THE FLORIDA UNIFORM COMMERCIAL CODE

17. This is an action for damages in excess of $15,000.00 exclusive of interest, court costs and attorneys' fees.

18. Plaintiffs re-allege paragraphs 1 through 16 above.

19. Manufacturer was the designer, manufacturer, and pre-retail seller of the vehicle.

20. The vehicle sold to Plaintiffs was covered by the Manufacturer's limited warranty.

21. In purchasing the vehicle, Plaintiffs relied upon the express warranties given by the Manufacturer.

22. After purchasing the vehicle, and while Plaintiffs were using the vehicle in the manner for which it was intended, the vehicle experienced the problems with performance and operation described in paragraph 9 above.

23. The Plaintiffs notified the Dealer of the existence of defects on the vehicle on many occasions, and the vehicle was brought back to the Dealer on numerous occasions for repairs.

24. The Manufacturer breached the express warranties described above in that it failed and refused to repair the defects with the vehicle and comply with its warranty obligations.

25. As a direct and proximate result of Helms' breach of the express warranties, Plaintiffs suffered actual damages along with incidental and consequential damages.

WHEREFORE, Plaintiffs demand judgment against Manufacturer, for damages, pre-judgment interest and post-judgment interest, court costs, attorney's fees, and any further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on issues so triable.

DATED this 21st day of May, 2010.

NELSON HESSE, LLP
2070 Ringling Boulevard
Sarasota, Florida 34237
(941) 366-7550 (office)
(941) 955-3708 (fax)
Attorney for the Plaintiffs

By: _____
Douglas E. Polk, Esq.
Fla. Bar No.: 0771686
Daniel C. Guarnieri, Esq.
Fla. Bar No. 0914401