UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS,

            Plaintiff,

v.                                                          Case No.  8:13-cv-1427-T-24 MAP

WINNEBAGO INDUSTRIES, INC.,
FREIGHTLINER CUSTOM CHASSIS
CORP.,

            Defendants.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Winnebago's Motion to Dismiss (Doc. No. 6), which Plaintiff opposes (Doc. No. 14), and to which Winnebago has filed a reply brief (Doc. No. 17); and (2) Freightliner's Motion to Dismiss (Doc. No. 13), which Plaintiff opposes (Doc. No. 18).  As explained below, the motions are granted.

## I.  Background

Plaintiff Duane Burns alleges the following in his complaint (Doc. No. 1): In 2007, Plaintiff bought, from a dealer, a recreational vehicle ("RV") that was manufactured by Defendant Winnebago Industries, Inc. ("Winnebago") and that had a chassis that was manufactured by Defendant Freightliner Custom Chassis Corp. ("Freightliner").  In 2010, Plaintiff discovered corrosion on the RV's undercarriage, related components, and nearby components.

Plaintiff contends that Winnebago and Freightliner failed to make numerous disclosures to him regarding: (1) that they had failed to take actions to prevent corrosion; (2) that the RV was prone to corrosion; and (3) warning him or the dealer about the danger of corrosion.  As a

result, Plaintiff asserts two claims against Defendants: (1) negligent misrepresentation regarding the concealed facts and (2) fraudulent concealment.  In response to the complaint, both Defendants filed a motion to dismiss.

## II.  Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.  Motions to Dismiss

Both Defendants have filed motions to dismiss, and both Defendants raise the argument

2

that Plaintiff's claims are barred by the economic loss rule.  "[T]he economic loss rule is a

judicially created doctrine that sets forth the circumstances under which a tort action is

prohibited if the only damages suffered are economic losses."  <u>Tiara Condominium Ass'n, Inc. v.

Marsh & McLennan Companies, Inc.</u>, 110 So. 3d 399, 401 (Fla. 2013).  The Florida Supreme

Court has defined economic losses as follows:

> We have defined economic loss as "damages for inadequate value,
> costs of repair and replacement of the defective product, or
> consequent loss of profits—without any claim of personal injury or
> damage to other property."  We further explained that economic loss
> "includes 'the diminution in the value of the product because it is
> inferior in quality and does not work for the general purposes for
> which it was manufactured and sold.'  In other words, economic
> losses are 'disappointed economic expectations,' which are protected
> by contract law, rather than tort law."

<u>Id.</u> (internal citations omitted).  The economic loss "rule has its roots in the products liability

arena, and was primarily intended to limit actions in the products liability context."  <u>Id.</u>

The Florida Supreme Court recently clarified the reach of the economic loss rule, stating:

> The products liability economic loss rule developed to protect
> manufacturers from liability for economic damages caused by a
> defective product beyond those damages provided by warranty law.
> As the theory of strict liability replaced the theory of implied
> warranties with regard to actions based on defective products that
> resulted in personal injury, the issue arose as to whether the courts
> should permit a cause of action in tort by one who suffered purely
> economic loss due to a defective product.  For those who were in
> contractual privity, actions based on breach of warranty continued as
> the viable method if the only damages were economic in nature.  But
> for those who were not in contractual privity and who sustained
> economic losses as a result of defective products, the question
> became what theory of recovery would be proper.
>         *     *     *
> "[A] manufacturer in a commercial relationship has no duty under
> either a negligence or strict products liability theory to prevent a
> product from injuring itself."  . . .  "The economic loss rule . . .
> represents this Court's pronouncement that, notwithstanding the

theory of strict liability . . . , strict liability has not replaced warranty law as the remedy for frustrated economic expectations in the sale of goods.  In exchange for eliminating the privity requirements of warranty law and *expanding* the tort liability for manufacturers of defective products which cause personal injury, we expressly limited tort liability with respect to defective products to injury caused to persons or damage caused to property other than the defective product itself."

\*       \*       \*

Simply stated, . . . [the purpose of the economic loss] "rule is to prohibit a party from suing in tort for purely economic losses to a product or object provided to another for consideration, the rationale being that in those cases 'contract principles [are] more appropriate than tort principles for resolving economic loss without an accompanying physical injury or property damage.'"

\*       \*       \*

We thus recede from our prior rulings to the extent that they have applied the economic loss rule to cases other than products liability. . . . [T]oday we return the economic loss rule to its origin in products liability.

Id. at 403-07 (internal citations omitted).

Thus, the economic loss rule applies to products liability cases.  Defendants argue that Plaintiff's claims are simply product liability claims re-titled as claims for negligent misrepresentation and fraudulent concealment.  Defendants argue that, in reality, Plaintiff's claims seek relief due to the inferior quality of the RV, which did not meet his expectations due to the corrosion.  Thus, Defendants urge the Court not to accept Plaintiff's argument that these are not product liability claims, because that would mean that any time a purchaser received a defective product that did not cause any injuries or damage to other property, such a purchaser could assert claims for negligent and fraudulent concealment regarding the defect to avoid the economic loss rule.  The Court agrees with Defendants that this is a products liability case.

Plaintiff responds that regardless of whether this is a products liability case, there are exceptions to the economic loss rule for negligent misrepresentation and fraudulent inducement

4

claims.  The Court, however, concludes that those exceptions do not apply under the facts alleged in this case.

Prior to <u>Tiara</u>, there were two types of situations that implicated the economic loss rule—contractual privity cases and product liability cases—and courts had recognized exceptions to the economic loss rule for negligent misrepresentation and fraudulent inducement claims.  <u>See</u> <u>id.</u> at 402-03, 406.  However, the exceptions to the economic loss rule for negligent misrepresentation and fraudulent inducement claims generally arose in the context of contractual privity cases.  When the Florida Supreme Court first articulated these exceptions, it stated:

> The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.

<u>HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,</u> 685 So. 2d 1238, 1239 (Fla.1996)(citations omitted).

In <u>Tiara</u>, the court reviewed the history of the economic loss rule and noted that the court had previously held "that in cases involving either privity of contract or products liability, the other exceptions to the economic loss rule that we have developed, such as for . . . fraudulent inducement[] and negligent misrepresentation . . . still apply."  <u>Tiara</u>, 110 So. 3d at 406.  However, given the <u>Tiara</u> court's holding that the economic loss rule no longer applies to contractual privity cases, it is unclear whether the <u>Tiara</u> decision affects the viability of these exceptions when negligent misrepresentation and fraudulent inducement claims are made in the product liability context.  Stated differently, it is hard to reconcile these exceptions with the <u>Tiara</u> court's statement that "[t]he products liability economic loss rule developed to protect

5

manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." Id. at 403.

Upon consideration, the Court concludes that under the facts alleged, the exceptions to the economic loss rule for fraudulent inducement and negligent misrepresentation do not apply. To hold otherwise would allow the economic loss rule to be manipulated such that any time a purchaser received a defective product that did not cause any injuries or damage to other property, such a purchaser could assert claims for negligent and fraudulent concealment regarding the defect to avoid the economic loss rule. Therefore, the Court concludes that Plaintiff's claims must be dismissed.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Winnebago's Motion to Dismiss (Doc. No. 6) is **GRANTED**.

(2)     Freightliner's Motion to Dismiss (Doc. No. 13) is **GRANTED**.

(3)     The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of August, 2013.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6